IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARY MAKIN, WILLIAM LEHR, JOHN LEHR, and LEHR FARMS INC., <br><br> Plaintiffs, <br><br> vs. <br><br> DONALD LEHR, BANK OF ELGIN, JOHN DOE 1, and JANE DOE 1, <br><br> Defendants. | CASE NO. _____ <br><br> **COMPLAINT, JURY DEMAND, AND TRIAL DESIGNATION** |

Come now, Plaintiffs, MARY MAKIN, WILLIAM LEHR, JOHN LEHR and LEHR FARMS, INC. ("LFI"), for their causes of action against Defendants Donald Lehr, Bank of Elgin, John Doe 1 and Jane Doe 1 state and allege as follows:

## JURISDICTION, PARTIES, AND VENUE

1. This court has jurisdiction over this case pursuant to 18 U.S.C. § 1964(c) and 18 U.S.C. § 1331, because a federal question exists under 18 U.S.C. §1961, *et seq*. This court also has supplemental jurisdiction over related state law claims under 28 U.S.C. § 1367(a).

2. Venue is proper in this district pursuant to the provisions of 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this claim occurred in the District of Nebraska.

## PARTIES

3. Plaintiff Mary Makin is a resident of Maricopa County, Arizona, and owns 25% of the shares of stock issued in LFI. At a special meeting of the shareholders of LFI held on July 11, 2012, Mary Makin was elected as Chair of the Board of Director and President of LFI.

4. Plaintiff William Lehr is a resident of Iola, Illinois, and owns 25% of the shares of stock issued in LFI. At a special meeting of the shareholders of LFI held on July 11, 2012, William Lehr was elected as a Director and Vice President of LFI.

5. Plaintiff John Lehr is a resident of Roseville, Minnesota, and owns 25% of the shares of stock issued in LFI. At a special meeting of the shareholders of LFI held on July 11, 2012, John Lehr was elected as a Director, Secretary and Treasurer of LFI.

6. Plaintiff LFI, is Nebraska Corporation in good standing with it principal place of business in Elgin, Antelope County, Nebraska.

7. Defendant Donald Lehr is a resident of Minnetonka, Minnesota, and owns 25% of the shares of stock issued in LFI. Before July 11, 2011, Donald Lehr was the sole director and officer of LFI. At a special meeting of the shareholders of LFI held on July 11, 2012, Donald Lehr was removed as a director and officer of LFI.

8. Defendant Bank of Elgin is a banking institution incorporated in and duly authorized to conduct business in the state of Nebraska.

9. John Doe 1 is an unknown individual.

10. Jane Doe 1 is an unknown individual.

## FACTUAL ALLEGATIONS

11. LFI was formed in 1991 and is a Nebraska corporation engaged in the business of farming in and around Elgin, Nebraska, with farming operations in both Antelope County, Nebraska, and Boone County, Nebraska.

12. At all material times herein, defendant Donald Lehr, assumed the role of President, Vice President, Secretary and Treasurer of LFI and purported to run the operations of the farms.

13. During the time period from 1991 through 2011 Donald Lehr violated his fiduciary duty to the corporation, committed fraud, made fraudulent misrepresentations, engaged in self dealing in violation of the corporate authorizations and to the detriment of the other shareholders and generally utilized LFI for his personal benefit to the detriment and exclusion of the other shareholders.

14. In or about 2010, shareholder Mary Makin first learned that there may have been wrongful conduct by Donald Lehr in relation to the operations of LFI.

15. Upon information and belief, the Bank of Elgin provided banking services for both Donald Lehr in his personal capacity and to LFI.

16. Upon information and belief, the Bank of Elgin itself committed wrongs to the determent of plaintiffs as more fully described below and was aware of the wrongdoing committed by Donald Lehr and affirmatively assisted Donald Lehr in his acts, to the detriment of the other shareholders. Upon information of belief Bank of Elgin never required any corporate resolutions or authorizations material to the conduct alleged herein.

17. Upon information and belief, the Bank of Elgin mailed bank statements and loan documents to Donald Lehr at his home in Minnesota and delivered monies to Donald Lehr via wire transfers and/or United States mail.

18. Upon information and belief, to date, Donald Lehr has taken at least $1,100,000.00 from LFI through the violations referred to in paragraph 13 and described more fully below.

19. Upon information and belief, the transfer of these funds was accomplished, in whole or in part by wire transfer or United States Mail.

20.  On or about July 11, 2011, by majority vote of the shareholders, Donald Lehr was removed as an officer of the corporation and stripped of any actual or apparent authority to act on behalf of the corporation which may have then existed.

## FIRST CAUSE OF ACTION

## CONVERSION—DONALD LEHR

21.  Plaintiffs reallege and incorporate by reference each and every allegation set forth in paragraphs 1 through 20.

22.  One or more of the Defendants intentionally exerted an unauthorized and wrongful act of dominion or control over LFI's property which has seriously interfered with and deprived LFI of its property permanently or for an indefinite period of time.

23.  This wrongful dominion over LFI funds has deprived LFI and the shareholders of the benefit of profits and distributions permanently or for an indefinite period of time.

24.  As a direct and proximate result of Donald Lehr's conversion of LFI's property Plaintiffs have sustained damages in the amount of at least $1,100,000.00 which damages may increase as discovery continues.

## SECOND CAUSE OF ACTION

## FRAUDULENT MISREPRESENTATION AND DECEIT—DONALD LEHR

25.  Plaintiffs reallege and incorporate by reference each and every allegation set forth in paragraphs 1 through 24.

26.  Donald Lehr represented to Plaintiffs the following material items:

   a).  That he had properly handled funds of the corporation;

   b).  That he installed irrigation on the farms which were to be affixed with irrigation;

c). That he was operating LFI in a manner that attempted to make the farms owned by LFI profitable;

d). That the farm debts of LFI were legitimate corporate debts; and

e). That LFI was not able to make a profit nearly every year of his control.

27. Donald Lehr's representations to Plaintiffs in this regard were false.

28. Donald Lehr's representations to Plaintiffs in this regard were made intentionally and fraudulently.

29. When Donald Lehr made the foregoing representations to Plaintiffs, he intended that Plaintiffs would rely on them. Plaintiffs did in fact reasonably rely on Donald Lehr's representations.

30. As a direct and proximate result of Donald Lehr's fraudulent misrepresentations and deceit, Plaintiffs have sustained damages of at least $1,100,000.00 and their damages may increase as discovery continues.

## THIRD CAUSE OF ACTION

## CIVIL CONSPIRACY—ALL DEFENDANTS

31. Plaintiffs reallege and incorporate by reference each and every allegation set forth in paragraphs 1 through 30.

32. Donald Lehr, The Bank of Elgin, John Doe 1 and Jane Doe 2, acted in concert to accomplish the unlawful taking of funds from LFI and used the money for improper and illegal purposes.

33. As a direct and proximate cause of the civil conspiracy, Plaintiffs have sustained damages of at least $1,100,000.00 and their damages may increase as discovery continues.

## FOURTH CAUSE OF ACTION

## FRAUDULENT CONCEALMENT—ALL DEFENDANTS

34. Plaintiffs reallege and incorporate by reference each and every allegation set forth in paragraphs 1 through 33.

35. Donald Lehr and Bank of Elgin had a duty to disclose material facts to LFI through its other shareholders (i.e., those shareholders who were not complicit with the wrongdoing).

36. The material facts for which there was a duty of disclosure include, but are not limited to the following:

   a). LFI funds were being improperly transferred to Donald Lehr and used for his personal benefit and the possible benefit of others unknown at this time;

   b). Donald Lehr was collateralizing his personal loans from the Bank of Elgin with LFI assets thereby encumbering and placing at risk corporate assets for non-corporate business; and

   c). Donald Lehr was taking out loans to LFI through the Bank of Elgin by using LFI property as collateral for the loans. Bank of Elgin issued the purported corporate loans payable directly to Donald Lehr in his personal capacity and for his personal use.

37. Donald Lehr and Bank of Elgin had knowledge of the material facts which were concealed but concealed the facts nonetheless.

38. The material facts concealed were not within Plaintiffs' reasonably diligent attention, observation and judgment.

39. Donald Lehr and Bank of Elgin concealed the material facts with the intention that Plaintiffs would act in response to the concealment or suppression by, among other things, allowing Donald Lehr to continue to actively manage the farming operations and to continue to allow Bank of Elgin to make improper loans.

40. Plaintiffs reasonably relied on the representations that LFI business and funds were properly handled.

41. Plaintiffs sustained damages in the amount of at least $1,100,000.00 as a result of the concealment of the material facts and their damages may increase as discovery continues.

### FIFTH CAUSE OF ACTION

### BREACH OF FIDUCIARY DUTY—DONALD LEHR

42. Plaintiffs reallege and incorporate by reference each and every allegation set forth in paragraphs 1 through 41.

43. As an Officer, Director and Manager of LFI, Donald Lehr owed Plaintiffs and the corporation certain fiduciary duties including, but not limited to, the duties of loyalty and good faith.

44. Defendant Donald Lehr breached his fiduciary duties as an Officer and Director in one or more of the following ways:

    a). Misappropriating and defalcating corporate property and funds to his personal accounts and for his own use;

    b). Failing to pay dividends to other shareholders;

    c). Failing to disclose relevant transactions to other shareholders;

    d). Pledging and encumbering corporate property as collateral for personal loans to himself and as collateral for other personal debts;

e). Paying himself an unreasonable and unconscionable "management fee" which ensured that there would be no corporate assets with which to pay dividends.

f). Procuring loans to the corporation which were then immediately transferred to him for his person use;

g). Failing to purchase and install irrigation on the farms owned by the corporation which were to be affixed with irrigation;

f). Failing to maximize profitability of the corporation through the failure to conduct crop farming operations on all of the farms owned by the corporation; and

g). Failing to appropriately account for expenditures of the farming operation.

45. As a direct and proximate cause of the above allegations Plaintiffs have sustained damages of at least $1,100,000.00 and their damages may increase as discovery continues.

### SIXTH CAUSE OF ACTION

### COMMON LAW INDEMNIFICATION—ALL DEFENDANTS

46. Plaintiffs re-allege and incorporate by reference each and every allegation set forth in paragraphs 1 through 45.

47. Donald Lehr, in violation of his legal obligations, wrongfully incurred corporate debt for his personal use.

48. The debt referenced in paragraph 47 above included loans ostensibly made to the corporation but, in fact, were wrongfully directed to Donald Lehr for his personal use by the Bank of Elgin.

49. The debt referenced in paragraph 47 also took the form of personal debt wrongfully collateralized by corporate assets and property.

50. Defendant Bank of Elgin, despite actual or constructive knowledge of the impropriety of the corporate loans and the impropriety of the collateralization of Donald Lehr's personal loans acted in concert to effectuate the loans.

51. Defendant Bank of Elgin has also merged the personal debt incurred by Donald Lehr with the LFI corporate debt and is claiming that LFI is now responsible for repaying the corporate debt wrongfully incurred by Donald Lehr for his personal use as well as for repaying the personal debt incurred by Donald Lehr and wrongfully collateralized by corporate assets.

52. As a result of the unlawful and improper acts of Donald Lehr and the Bank of Elgin working in concert with each other, LFI has sustained loss, expenses, costs, liability obligations and damages.

53. Defendants are, therefore, obligated to indemnify LFI for the loss, expenses, costs, liability obligations and damages LFI has sustained in the amount of at least $450,610.14 which amount represents the personal loans taken by Donald Lehr and transferred to LFI by Bank of Elgin and of additional amounts to be proven at trial which represents the loans to LFI sent directly to Donald Lehr by Bank of Elgin.

## SEVENTH CAUSE OF ACTION

### FRAUDULENT TRANSFER—ALL DEFENDANTS

54. Plaintiffs reallege and incorporate by reference each and every allegation set forth in paragraphs 1 through 53.

55. Donald Lehr and Bank of Elgin transferred LFI funds to Donald Lehr with the actual intent to hinder, delay or defraud Plaintiffs.

56.     In the alternative, Donald Lehr transferred LFI's funds to one or more of the unknown Defendants without receiving a reasonably equivalent value in exchange for the transfer or obligation he intended to incur, or reasonably should have believed that he would incur debts beyond his ability to pay as they became due thus fraudulently depriving LFI of its funds.

## EIGHTH CAUSE OF ACTION

## CONSTRUCTIVE TRUST—DONALD LEHR, JOHN DOE 1 AND JANE DOE 1

57.     Plaintiffs reallege and incorporate by reference each and every allegation set forth in paragraphs 1 through 56.

58.     One or more of these Defendants received money belonging to LFI as a result of fraud, misrepresentation, or an abuse of an influential or confidential relationship.

59.     One or more of these Defendants have been unjustly enriched by such a transfer.

60.     The rules of equity preclude any of the Defendants from holding and enjoying the benefits of the funds belonging to LFI which they received without exchanging any value.

61.     LFI is entitled in equity to the money or the proceeds of the money Defendants received from its funds.

62.     The money Defendants received from funds belonging to LFI, or any personal or real property derived from the funds belonging to LFI should be placed in a constructive trust for the benefit of LFI.

## NINTH CAUSE OF ACTION

## RICO VIOLATION, 18 U.S.C. §1961, *et seq.*—DONALD LEHR AND BANK OF ELGIN

63.     Plaintiffs reallege and incorporate by reference the allegations set forth in paragraphs 1 through 62.

64. Defendants Donald Lehr and Bank of Elgin are "persons" within the meaning of 18 U.S.C. § 1961(3).

65. Upon information and belief, Defendants Donald Lehr and Bank of Elgin engaged in repeated conduct in furtherance of defrauding the Plaintiffs.

66. Upon information and belief, Defendants used LFI, as the enterprise through which they conducted affairs affecting interstate commerce.

67. Upon information and belief, there was a relationship between the separate incidents of wire transfer and use of the mails in furtherance of the Defendants scheme to defraud the Plaintiffs.

68. Upon information and belief, the Defendants participated directly or indirectly, in the conduct of LFI's affairs through a pattern of racketeering activity, in violation of 18 U.S.C. §1961, *et seq*.

69. As a direct and proximate cause of the Defendants' pattern of racketeering, Plaintiffs have sustained damages of at least $1,100,000.00 and their damages may increase as discovery continues.

WHEREFORE Plaintiffs pray for judgment against the Defendants for their damages sustained in an amount of at least $1,100,000.00, but to be proven more specifically at trial and which amount may increase as discovery is conducted, plus interest accrued thereon from the date of the filing of this action, equitable relief of a constructive trust, its expenses and costs incurred herein including reasonable attorney fees, and for such other relief as the Court may deem just and equitable.

## JURY DEMAND

COME NOW the Plaintiffs and do hereby respectfully demand a trial by jury in the above-entitled matter for all issues triable to jurors.

## REQUEST FOR LOCATION OF TRIAL

COME NOW the Plaintiffs and do hereby respectfully request that the trial by jury be held in Omaha, Nebraska.

DATED this 16th day of February, 2012.

                               MARY MAKIN, WILLIAM LEHR, JOHN LEHR, LEHR FARMS, INC., Plaintiffs,

By:     /s/ Brian J. Brislen
Brian J. Brislen, #22226
Bonnie N. Moore, #24707
LAMSON, DUGAN and MURRAY, LLP
10306 Regency Parkway Drive
Omaha, NE 68114
(402) 397-7300 Telephone
(402) 397-7824 Facsimile
*ATTORNEYS FOR PLAINTIFFS*

508857.2